1  Ray E. Gallo (State Bar No. 158903)
   Patrick V. Chesney (State Bar No. 267587)
2  GALLO & ASSOCIATES
   1101 Fifth Avenue, Suite 205
3  San Rafael, CA 94901
   Telephone: 415.397.1205
4  Facsimile: 310.338.1119
   rgallo@gallo-law.com
5
   Attorneys for Defendants
6  First in Awareness, LLC, Williams, and Harvey    E-filing
7

8              UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10          SAN FRANCISCO/OAKLAND DIVISION

11

12  STEVEN ROTH,                          Case No.

13     Plaintiff,                         NOTICE OF REMOVAL OF CIVIL
                                          ACTION (28 U.S.C. §§1332, 1441)
14     vs.

15  FIRST IN AWARENESS, LLC, a            DECLARATION OF JERRY
    Connecticut Limited Liability         WILLIAMS IN SUPPORT
16  Corporation; JERRY S. WILLIAMS,       THEREOF
    individually and as Managing Member
17  of First in Awareness, LLC, a
    Connecticut Limited Liability         DECLARATION OF MELANIE
18  Corporation, MELANIE WOOD-            HARVEY IN SUPPORT THEREOF
    HARVEY, and DOES 1 through 50,
19  inclusive,

20     Defendants.                        (Removed from the Superior Court of
                                          the State of California, Contra Costa
21                                        County, Case No.: C11-00463)

22

23

24  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

25  NORTHERN DISTRICT OF CALIFORNIA:

26     Defendants First in Awareness, LLC, Williams, and Harvey hereby remove

27  the above-entitled civil action from the Superior Court of the County of Contra

28
                                        1.
    NOTICE OF REMOVAL OF CIVIL ACTION (28 U.S.C. §§1332, 1441); DECLARATION OF JERRY
         WILLIAMS IN SUPPORT; DECLARATION OF MELANIE HARVEY IN SUPPORT

Costa. A true and correct copy of the complaint in this action is attached hereto as Exhibit A.

## JURISDICTION

1.     This Court has diversity jurisdiction of this action under 28 U.S.C. § 1332. Removal is proper under 28 U.S.C. § 1441.

### *Complete Diversity Exists*

2.     Plaintiff Steven Roth ("Plaintiff") is and at all times relevant to the propriety of removal was a citizen of the State of California residing in Contra Costa County, California. See paragraph 1 of the complaint (a true and correct copy of the summons and complaint is attached as Exhibit A hereto).

3.     None of the defendants is a citizen of the State of California.

4.     Defendant First in Awareness, LLC ("First in Awareness"), is a limited liability corporation organized under the laws of the State of Connecticut. It currently is not operating. When operating, its principle place of business was located in Niantic, Connecticut. First in Awareness has never been incorporated or had its principle place of business within the State of California. See the accompanying declaration of Jerry Williams, its Managing Member.

5.     Defendant Jerry Williams ("Williams") is and at all times relevant to the propriety of removal was a citizen of the State of Arizona. Williams resided in Connecticut for many years. He relocated to the State of Arizona in or about July 2010, resides there now, and intends to reside there permanently. He is not now and was not at any relevant time a resident of the State of California. See the accompanying declaration of Jerry Williams.

6.     Defendant Melanie Wood Harvey ("Harvey") (erroneously sued as "Melanie Wood-Harvey") is and at all times relevant to the propriety of removal was a citizen of the State of Arizona. Harvey resided in Virginia for more than twenty years. She relocated to Arizona in or about December 2010, resides there

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

now, and intends to reside there permanently. Harvey is not a properly named defendant in that she was a subcontractor engaged by First in Awareness to act as an assistant facilitating defendant Williams's conduct of his seminar business. Her duties included scheduling classes and travel, relaying messages, and the like. See the accompanying declaration of Melanie Harvey.

### *Removal is Timely*

7.     Removal is timely. Defendants were first served with process in this action by personal service upon Williams, the Managing Member of First in Awareness, and Harvey on February 26, 2011, in Las Vegas, Nevada. See the accompanying declarations of Jerry Williams and Melanie Harvey. All process, pleadings, and orders from the action, consisting solely of the summons and complaint, are attached as Exhibit A.

### *More than $75,000 is in Controversy*

8.     Plaintiff asserts four causes of action, one for rescission and restitution, one for fraud, one for breach of fiduciary duty, and one for conspiracy. Plaintiff alleges that he paid Defendants $300,000 for 1 million shares of a stock with symbol designation LUXI (the "LUXI shares") and a further $300,000 for 1 million shares of a stock with symbol designation CDIV (the "CDIV shares"). See paragraphs 11 through 15 of the complaint. Plaintiff alleges that Defendants never delivered the LUXI shares and that, due to "problems" with the CDIV shares, he did not receive the value he was entitled to. See paragraph 17 of the complaint.

9.     Plaintiff seeks damages and restitution of at least $550,000, representing the $300,000 allegedly paid for the LUXI shares and $250,000 allegedly lost due to problems with the CDIV shares. See, e.g., paragraph 22 of the complaint and paragraph 1 of the complaint's prayer for relief (at page 13).

10.     In addition, Plaintiff seeks exemplary and punitive damages and costs. See paragraphs 2 through 3 of the complaint's prayer for relief (at page 14).

**NOTICE OF REMOVAL OF CIVIL ACTION (28 U.S.C. §§1332, 1441); DECLARATION OF JERRY WILLIAMS IN SUPPORT; DECLARATION OF MELANIE HARVEY IN SUPPORT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### *Venue is Proper in this Court*

11.     Venue is proper in the San Francisco / Oakland division of this Court under 28 USC §1441 and Civil L.R. 3-2(d) because this district and division encompass Contra Costa County, the place where the removed action was filed and is pending.

Dated:  March 25, 2011                    GALLO & ASSOCIATES

                                          RAY E. GALLO
                                          PATRICK V. CHESNEY
                                          Attorneys for Defendants First in
                                          Awareness, LLC, Williams, and Harvey

4.
**NOTICE OF REMOVAL OF CIVIL ACTION (28 U.S.C. §§1332, 1441); DECLARATION OF JERRY
WILLIAMS IN SUPPORT; DECLARATION OF MELANIE HARVEY IN SUPPORT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF JERRY WILLIAMS

I, Jerry Williams, declare:

1.     I am the Managing Member of First in Awareness, LLC ("First in Awareness"). I make this declaration in support of Defendants' removal of *Roth v. First in Awareness, LLC* (Contra Costa Superior Course Case No. C11-00463) to the United States District Court for the Northern District of California. I have personal knowledge of the following facts and, if called as a witness, I could and would testify as follows.

2.     I am the registered agent for service of process on First in Awareness, LLC, and its managing member. It has no other members or managers. Accordingly, I am the sole person upon whom service of process can be affected.

3.     On February 26, 2011, in Las Vegas, Nevada, I was served with three copies of the summons and complaint filed by Plaintiff Steven Roth in this action. There had been no other or earlier service of this process on me or on First in Awareness. At no time and in no other way did I ever receive process in this action.

4.     I am a citizen of the State of Arizona. About eight months ago I moved my residence to 3123 N. 82nd Way, Mesa, AZ 85207, where I currently reside. I intend to reside there permanently. I previously resided in and was a citizen of the State of Connecticut, where I made my home for many years.

5.     First in Awareness was and is incorporated in the State of Connecticut. First in Awareness no longer conducts business. Its sole physical address at all times that it was conducting business was 10 Liberty Way, #5, Niantic, CT 06357.

5.

**NOTICE OF REMOVAL OF CIVIL ACTION (28 U.S.C. §§1332, 1441); DECLARATION OF JERRY WILLIAMS IN SUPPORT; DECLARATION OF MELANIE HARVEY IN SUPPORT**

1

2         I certify under penalty of perjury under California law that the foregoing is

3    true and correct. Signed Thursday, March 24, 2011, at Groton, Connecticut.

4                                              Jerry Williams

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL OF CIVIL ACTION (28 U.S.C. §§1332, 1441); DECLARATION OF JERRY
WILLIAMS IN SUPPORT; DECLARATION OF MELANIE HARVEY IN SUPPORT**

1

2

## DECLARATION OF MELANIE HARVEY

3 I, Melanie Harvey, declare:

4    1.    I make this declaration in support of Defendants' removal of *Roth v.*
5 *First in Awareness, LLC* (Contra Costa Superior Course Case No. C11-00463) to
6 the United States District Court for the Northern District of California. I have
7
8 personal knowledge of the following facts and, if called as a witness, I could and
9 would testify as follows.

10    2.    On February 26, 2011, in Las Vegas, Nevada, I first received a copy of
11 the summons and complaint (one for each defendant) filed by Plaintiff Steven Roth
12 in this action. It was not served upon me personally but left with Jerry Williams,
13
14 who provided it to me. I passed the apparent process server in the hall where a man
15 (again, I assume the process server) advised me that he had left something for me
16 with Jerry Williams. Aside from the copy Jerry Williams provided to me, I have
17 never received a copy of the summons and complaint by mail or otherwise. There
18 has been no other service of this process on me.

19    3.    I am and at all relevant times was a citizen of the State of Arizona.[1]  I
20 currently reside at 8725 E. Menlo Circle, Mesa, AZ 85207 and I intend to remain
21
22 here permanently. I previously resided in Virginia for more than twenty years but
23 relocated to Arizona in or about December 2010, reside there now, and intend to
24 reside there permanently.

25    4.    My at-issue work with Mr. Williams and First in Awareness was

26

27 [1] As used herein, "at all relevant times" means the date the complaint in this action
28 was filed (February 23, 2011) and the date this Notice was filed (March 25, 2011).

1
2   administrative only.  I act as an assistant.  My duties included scheduling classes
3   and travel, relaying messages, and the like.
4       I certify under penalty of perjury under California law that the foregoing is true
5   and correct.  Signed Thursday, March 24, 2011, at Mesa, Arizona.
6
7                                                       Melanie Harvey
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                          8.

**EXHIBIT A**

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

2011 FEB 23 P 2: 39

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA CALIF
BY:                    , Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
First in Awareness, LLC, a Connecticut Limited Liability Corporation;
Jerry S. Williams, individually and as Managing Member of First Awareness,
LLC., a Connecticut Limited Liability Corporation; Melania Wood-Harvey
and DOES 1-50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Steve Roth

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Contra Costa County Superior Court<br>725 Court Street<br>Martinez, CA 94553 | CASE NUMBER: *(Número del Caso):*<br>C11-00463 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Virginia L. Ekelund, Esq.          LAW OFFICES OF TERENCE DANIEL DOYLE
571 Hartz Ave.                     925-314-2333
Danville, CA 94526

| | | |
|---|---|---|
| DATE:<br>*(Fecha)* FEB 23 2011 | Clerk, by<br>*(Secretario)* A. NUESTRO | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Roth, Steve

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)



FILED

2011 FEB 23  P 2:39

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CAL.
BY:

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
First in Awareness, LLC, a Connecticut Limited Liability Corporation;
Jerry S. Williams,individually and as Managing Member of First Awareness,
LLC., a Connecticut Limited Liability Corporation; Melanie Wood-Harvey
and DOES 1-50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Steve Roth

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Contra Costa County Superior Court<br>725 Court Street<br>Martinez, CA 94553 | CASE NUMBER: *(Número del Caso):*<br>**C 1 1 - 0 0 4 6 8** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Virginia L. Ekelund, Esq.
571 Hartz Ave.
Danville, CA 94526

LAW OFFICES OF TERENCE DANIEL DOYLE
925-314-2333

A. NUESTRO

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | FEB 23 2011 | Clerk, by<br>*(Secretario)* A. NUESTRO | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

   First in Awareness, LLC, A Connecticut

3. ☑ on behalf of *(specify):* Limited Liability Corporation
   under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Martin Dean's
ESSENTIAL FORMS™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Roth, Steve

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*



**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
First in Awareness, LLC, a Connecticut Limited Liability Corporation; Jerry S. Williams, individually and as Managing Member of First Awareness, LLC., a Connecticut Limited Liability Corporation; Melanie Wood-Harvey and DOES 1-50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Steve Roth

*2011 FEB 23 P 2:39*

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA CALIF.
By_____ Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Contra Costa County Superior Court
725 Court Street
Martinez, CA 94553

**CASE NUMBER:** *(Número del Caso):*
C11-00468

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Virginia L. Ekelund, Esq.
571 Hartz Ave.
Danville, CA 94526

LAW OFFICES OF TERENCE DANIEL DOYLE
925-314-2333

A. NUESTRO

DATE: FEB 23 2011
*(Fecha)*

Clerk, by _____, Deputy
*(Secretario)* A. NUESTRO *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☑ as an individual defendant.
2. ☑ as the person sued under the fictitious name of *(specify):* and as Managing member of First Awareness, LLC, A Connecticut
3. ☐ on behalf of *(specify):* Limited Liability Corporation
   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Roth, Steve

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Virginia L. Ekelund, Esq.          SBN 138376<br>LAW OFFICES OF TERENCE DANIEL DOYLE<br>571 Hartz Ave.<br>Danville, CA 94526<br>    TELEPHONE NO: 925-314-2333    FAX NO.: 925-855-4334<br>ATTORNEY FOR *(Name):* Plaintiff, Steve Roth | FILED |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa |
|---|
| STREET ADDRESS: 725 Court Street |
| MAILING ADDRESS: P.O. Box 911 |
| CITY AND ZIP CODE: Martinez, CA 94553 |
| BRANCH NAME: |

2011 FEB 23  P 2:39

K. TORRE CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.
BY:
    A. Huerta, Deputy Clerk

| CASE NAME: Roth v. First In Awareness, LLC, et al. |
|---|

| **CIVIL CASE COVER SHEET**<br>[X] Unlimited  [ ] Limited<br>(Amount          (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | **Complex Case Designation**<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>C 1 1 - 0 0 4 6 3 |
|---|---|---|
| | | JUDGE: |
| | | DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [X] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):*  4
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 22, 2011

Virginia L. Ekelund, Esq.                    ▶ V.L. Ekelund
         (TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                                                      Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | Martin Dean's<br>ESSENTIAL FORMS™ | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|---|

Roth, Steve

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

ROTH VS FIRST IN AWARENESS ET AL

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSC11-00463

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  07/13/11        DEPT:  09        TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.   ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.   If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

a.  an order establishing a discovery schedule
b.  an order referring the case to arbitration
c.  an order transferring the case to limited jurisdiction
d.  an order dismissing fictitious defendants
e.  an order scheduling exchange of expert witness information
f.  an order setting subsequent conference and the trial date
g.  an order consolidating cases
h.  an order severing trial of cross-complaints or bifurcating
    issues
i.  an order determining when demurrers and motions will be filed

SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  02/23/11                        A. NUESTRO
                                A. NUESTRO, Deputy Clerk

1  TERENCE D. DOYLE   SBN 113108
   VIRGINIA L. EKELUND SBN 138376
2  LAW OFFICES OF TERENCE DANIEL DOYLE
   571 Hartz Ave.
3  Danville, CA 94526
4  Telephone: (925) 314-2333          PER LOCAL RULES 5 THIS
   Facsimile: (925) 855-4334          CASE IS ASSIGNED TO
5                                      DEPT. _____
   Attorneys for Plaintiff,
6  STEVEN ROTH
7                                      SUMMONS ISSUED

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            IN AND FOR THE COUNTY OF CONTRA COSTA

10               UNLIMITED CIVIL JURISDICTION

11

12  STEVEN ROTH                    Case No.    C 1 1 - 0 0 4 6 3

13          Plaintiff,

14
    v.                             **COMPLAINT FOR:**
15

16  FIRST IN AWARENESS, LLC, a
    Connecticut Limited Liability Corporation;    - RESCISSION AND RESTITUTION;
17  JERRY S. WILLIAMS, individually and as        - FRAUD;
    Managing Member of First in Awareness,        - BREACH OF FIDUCIARY DUTY
18  LLC., a Connecticut Limited Liability         - CONSPIRACY
    Corporation;  MELANIE WOOD-HARVEY
19  and DOES 1-50, Inclusive

20
            Defendants.
21  _____/

22

23      Plaintiff, STEVEN ROTH (hereinafter collectively, "Plaintiff"), hereby complains against

24
    Defendants, and each of them, and alleges as follows:
25
26      1.      Plaintiff, STEVEN ROTH ("Plaintiff") is and at all times mentioned herein was a

27  resident of Contra Costa County, California.

28

PLAINTIFF'S COMPLAINT

2. Defendant, FIRST IN AWARENESS, LLC, a Connecticut Limited Liability Corporation; ("Defendant LLC") is and at all times mentioned herein was a Connecticut Limited Liability Corporation organized and existing pursuant to the laws of the State of Connecticut.

3. Defendant JERRY S. WILLIAMS ("Defendant Williams") is currently a resident of the State of Arizona and was formerly a resident of the State of Connecticut and all times mentioned herein was the sole managing member of FIRST IN AWARENESS, LLC, a Connecticut Limited Liability Corporation; ("Defendant LLC"), and Defendant Williams promoted the sale and sold securities to Plaintiff in the State of California.

4. Defendant, MELANIE WOOD-HARVEY ("Defendant Wood-Harvey") is currently a resident of the State of Arizona and was formerly a resident of the State of Connecticut and at all times mentioned herein is and was an employee and/or agent of Defendant Williams, Defendant LLC and DOES 1 through 50, inclusive, and who assisted, aided and abetted Defendants with the sale of securities to Plaintiff in California.

5. The true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, whether an individual, associate, or otherwise, are unknown to Plaintiff at this time, and therefore, Plaintiff sues these defendants by fictitious names. Plaintiff alleges that the defendants who are sued as DOES 1 through 50, inclusive are in some manner responsible for the events and happenings referred to herein, and caused damage proximately and foreseeable thereby, whether such responsibility was negligent, intentional or otherwise. Plaintiff will seek leave of this court to amend this complaint to allege the true names and capacities of such defendants when such fictitiously named defendants have been ascertained with reasonable certainty.

6. Plaintiff is informed and believes and thereon alleges, that each of the Defendants was acting as the agent, servant and employee of the remaining Defendants and was acting within the course and scope of such agency and employment, with the knowledge, permission, and consent of

1   each other and the remaining Defendants, and for the mutual benefit of all or one or more of the
2   Defendants when committing the acts alleged herein.

3       7.    Plaintiff is informed and believes and thereon alleges that Defendant Williams and
4   DOES 1 through 50 inclusive is, and at all times mentioned herein was the sole managing member of
5   Defendant LLC and Defendants were each responsible for the management and control of Defendant
6
7   LLC.

8       8.    There exists, and at all times herein mentioned there existed, a unity of interest and
9   ownership between Defendant Williams, DOES 1 through 50 inclusive and Defendant LLC, such that
10  any individuality and separateness between Defendants and Defendant LLC have ceased and
11  Defendant LLC is the alter ego of Defendants in that Defendants exercised complete control and
12  domination of Defendant LLC. Adherence to the fiction of the separate existence of Defendant LLC
13  as an entity separate and distinct from Defendants would permit the abuse of the corporate privilege
14  and would sanction a fraud or injustice or would otherwise aid in the consummation of a wrong.
15

16      9.    Defendant LLC is, and at all times herein mentioned was, a mere shell, instrumentality,
17  conduit and sham without capital, assets, or members other than Defendant Williams. Defendant LLC
18  was conceived, intended and used by Defendants Williams and DOES 1 through 50 inclusive, as a
19  device to avoid individual liability and for the purpose of substituting a financially insolvent LLC in
20  the place of Defendants. Defendant LLC was, and at all times herein mentioned was, so inadequately
21  capitalized that, compared with the business to be done by Defendant LLC and the risks of loss
22  attendant thereon, its capitalization was illusory.
23

24

25

26      :

27

28

**BACKGROUND INFORMATION**

10.     On or about March 4, 2010, Plaintiff contacted Defendant Williams via the internet to inquire about a stock with symbol designation CDIV. That same day, Defendant Williams contacted Plaintiff by telephone to answer Plaintiff's question regarding the CDIV stock.

11.     Thereafter, on March 24, 2010 Defendant Williams contacted Plaintiff by telephone to inform Plaintiff that Defendant Williams purchased 5,000,000 shares of a stock with symbol designation LUXI for a price of $0.25 per share. Defendant Williams then offered to sell Plaintiff 1,000,000 of those LUXI shares for $0.30 per share. Defendant Williams stated that upon receipt of payment of $300,000.00 for the LUXI shares Plaintiff would be provided with an unrestricted stock certificate for 1,000,000 LUXI shares that could be deposited into Plaintiff's brokerage account and then actively traded. To consummate the transaction, Plaintiff was required to provide a Cashier's Check for $300,000.00 payable to Defendant Williams which would be deposited directly into a Bank of America account for Defendant LLC through a local Bank of America Branch. During that same telephone discussion, Plaintiff agreed to purchase the LUXI shares from Defendant Williams according to the terms set forth above.

12.     On March 31, 2010, Plaintiff obtained a Cashier's Check made payable to Defendant Williams in the amount of $300,000.00 which was deposited into Defendant LLC's Bank of America account on April 5, 2010.

13.     On April 6, 2010 Defendant Williams contacted Plaintiff by telephone and offered to sell Plaintiff some additional shares of stock with symbol designation CDIV. Defendant Williams stated that he personally owned over 12,000,000 shares of the CDIV stock and he wanted to sell some to Plaintiff at a discounted price of $0.30 per share if Plaintiff would agree to purchase a large amount of shares. Plaintiff agreed to purchase 1,000,000 shares of the CDIV stock at $0.30 per share. During this conversation, Plaintiff confirmed that upon payment for the shares, Plaintiff would promptly be

1   provided with an unrestricted stock certificate for the 1,000,000 shares of CDIV stock purchased from

2   Defendant Williams that could be actively traded.

3       14.    On April 15, 2010 Plaintiff was instructed by Defendant Williams to contact Defendant

4   Williams' Assistant, Defendant Wood-Harvey so that she could send the stock certificates to Plaintiff.

5

6   That same day, Plaintiff contacted Defendant Wood-Harvey by telephone and then followed her

7   instructions to provide his name, address, social security number and telephone number. On the same

8   date, Plaintiff sent the aforementioned information to Defendant Wood-Harvey by email.

9       15.    On April 16, 2010 Plaintiff obtained a Cashier's Check in the amount of $300,000.00

10   made payable to Defendant Williams which Plaintiff deposited into the Bank of America account in

11

12   the name of Defendant LLC as payment for the CDIV shares of stock.

13       16.    On May 17, 2010 Defendant Wood-Harvey emailed Plaintiff that she had the stock

14   certificates and would be sending out the stock "certs" to Plaintiff that week. On May 20, 2010

15   Plaintiff received only the CDIV stock certificate which he attempted to deposit into his brokerage

16   account. On May 25, 2010 the certificate was returned to Plaintiff as unable to be processed. The

17

18   certificate was rejected due to the lack of consistency with regard to the ownership information

19   provided by Defendant Williams.   Plaintiff requested assistance from Defendant Williams and

20   Defendant Wood-Harvey in having the certificate approved but that assistance was not provided.

21   Plaintiff contacted the Transfer Agent for the certificate directly and paid for a history search on the

22   CDIV stock certificate. Months later, on August 9, 2010 the CDIV stock certificate was finally

23   accepted and only then could Plaintiff trade these shares CDIV at a substantial loss in value. As

24

25   August 9, 2010, CDIV shares had a market price of $0.12-$0.14 per share. The delay in providing the

26   certificate as well as the delay in obtaining approval of the certificate caused Plaintiff to sustain a

27   substantial loss on the transaction.

28

17. On September 8, 2010, due to the problems that Plaintiff experienced with the CDIV certificate and the fact that the LUXI stock certificate had still not been provided, Plaintiff contacted Defendant Williams' assistant Defendant Wood-Harvey to request a refund of the monies paid for the LUXI shares. Defendant Wood-Harvey informed Plaintiff that he would need to speak with Defendant Williams; however, if Defendant Williams approved the refund, she had the authority to issue Plaintiff a check for repayment of Plaintiff's monies that were deposited into Defendant LLC's bank account at Bank of America. During the conversation, Defendant Wood-Harvey stated she would have Defendant Williams call Plaintiff on Monday, September 13, 2010. On Monday September 13, 2010 Defendant Williams did not contact Plaintiff and to date, the LUXI stock certificate nor the $300,000.00 have been provided to Plaintiff.

## FIRST CAUSE OF ACTION
## RESCISSION AND RESTITUTION

(Against Defendants FIRST IN AWARENESS, LLC, a Connecticut Limited Liability Corporation; JERRY S. WILLIAMS, individually and as Managing Member of First in Awareness, LLC., a Connecticut Limited Liability Corporation; FIRST IN AWARENESS, LLC, a Connecticut Limited Liability Corporation and DOES 1-50, inclusive)

18. Plaintiff hereby re-alleges and incorporates herein by reference each of the foregoing paragraphs as though set forth in full herein.

19. As is set forth herein above, Plaintiff has performed all conditions required to be performed by him in accordance with the terms and conditions of the agreements made between Plaintiff and Defendant Williams either in his individual capacity or as the managing member of Defendant LLC for the purchase of the LUXI and CDIV stocks.

20. Within the past four years Defendant Williams, Defendant LLC and DOES 1 through 50, and each of them failed to adhere to the terms of the agreements by, including but not limited to, the following: failing to provide the stock certificate for the shares of LUXI that Plaintiff purchased;

1  failing to refund the monies paid by Plaintiff for the shares of LUXI that Plaintiff never received;

2  failing to timely provide the stock certificate for the shares of CDIV stock that Plaintiff purchased;

3  failing to provide a stock certificate for the shares of CDIV stock that would be accepted by Plaintiff's

4  broker; failing to assist Plaintiff in obtaining a stock certificate that could be accepted by Plaintiff's

5

6  broker for the shares of CDIV stock that Plaintiff purchased; among other matters.

7        21.    Plaintiff will suffer substantial harm under the agreements if they are not rescinded in

8  that as a result of Defendant Williams, Defendant LLC and DOES 1 through 50, conduct, Plaintiff will

9  be deprived of his bargain and has in fact been induced to purchase stocks under terms and conditions

10  that were not those which were represented and which are substantially different from and inferior to

11  that which was bargained and paid for and which Plaintiff intended to purchase.

12

13        22.    Plaintiff intends service of the summons and complaint in this action to serve as notice

14  of rescission of the agreements to purchase the LUXI shares of stock and the CDIV shares of stock

15  and hereby demands that Defendant Williams and DOES 1 through 50, and each of them, restore to

16  Plaintiff the consideration furnished by Plaintiff including, but not limited to, the $300,000.00 (Three

17

18  Hundred Thousand dollars and no cents) paid for the 1,000,000 LUXI shares, the loss of

19  approximately $250,000.00 on the sale of the CDIV stock, the fees paid to obtain a valid stock

20  certificate for the CDIV shares, plus interest at the legal rate, among other damages, according to proof

21  at trial.

22        23.    In addition, Plaintiff is informed and believes and thereon alleges that Defendant

23  Williams and DOES 1 through 50, and each of them, improperly sold the aforementioned securities in

24

25  California without having properly reported the sales and/or without being qualified to sell the

26  securities in California under an exemption and therefore, the sale of these securities in California was

27  in violation of the California Corporations Codes which renders the agreements void or voidable.

28

1   Plaintiff contends that in addition to the grounds set forth above which justify rescission of the

2   agreements, the agreements should be rescinded on the grounds that they are void or voidable.

3       24.     In performing the acts hereinabove alleged, Defendant Williams, Defendant LLC and

4   DOES 1 through 50, and each of them, intentionally misrepresented and/or concealed from Plaintiff

5

6   material facts known to Defendants, with the intention on the part of Defendants of depriving Plaintiff

7   of his money, thereby justifying an award of punitive damages.

8       WHEREFORE, Plaintiff seeks judgment against Defendant Williams and Defendant LLC as

9       set forth herein below.

10

11                          **SECOND CAUSE OF ACTION**
                                      **FRAUD**
12

13  (Against Defendant JERRY S. WILLIAMS, individually and as Managing Member of First in
    Awareness, LLC., a Connecticut Limited Liability Corporation and DOES 1-50, inclusive)
14
        25.     Plaintiff hereby re alleges and incorporates each of the foregoing paragraphs as though
15

16  set forth in full herein.

17      26.     Based upon the representations of Defendant Williams, Plaintiff agreed to purchase the

18  shares of LUXI and CDIV stock as set forth herein above.

19      27.  Defendant Williams and DOES 1 through 50, inclusive, was the managing member of

20  Defendant LLC, and promoted the sale of the LUXI and CDIV stock to Plaintiff in California and was

21

22  acting in the position of a broker of securities with regard to Plaintiff. Defendant Williiams was in a

23  position of trust and confidence with respect to Plaintiff.   In light of the foregoing, Defendant

24  Williams and DOES 1 through 50, inclusive, each owed Plaintiff a fiduciary duty of diligent and

25  faithful service including, but not limited to, the duty of utmost good faith and fair dealing, to make

26  the fullest disclosure of all material facts concerning the transaction that might affect the Plaintiff's

27

28  decision to enter into the stock purchase transactions set forth herein.

28.     Plaintiff is informed and believes and thereon alleges that Defendant Williams and DOES 1 through 50, and each of them, improperly promoted and sold the aforementioned securities to Plaintiff.    In particular, Defendants Williams and DOES 1 through 50, offered and sold the aforementioned securities in California without filing appropriate documentation of the transaction and/or without having them qualified for sale in California under any exemption.  Therefore, Plaintiff alleges that the sale of the aforementioned securities in California was in violation of the California Corporations Code and renders the agreements void and/or voidable.

29.     Defendant Williams and DOES 1 through 50 inclusive, failed to reveal and suppressed material facts that were known to Defendant Williams at all times mentioned herein, that were significant to the Plaintiff's decision to purchase the LUXI and CDIV stocks as set forth herein and to pay $600,000.00 to Defendant Williams.   The suppression of the facts included, but are not limited to, the following:

- Defendant Williams is a securities broker;

- Defendant Williams did not own 5,000,000 shares of a stock with symbol designation LUXI at the time he made this representation to Plaintiff;

- Defendant Williams did not own 12,000,000 shares stock with symbol designation CDIV at the time he made this representation to Plaintiff;

- Defendant Williams did not have stock certificates for the shares of LUXI stock he sold to Plaintiff;

- Defendant Williams did not have stock certificates for the shares of CDIV stock he sold to Plaintiff;

-That Defendant Williams planned to acquire the shares of CDIV stock after he received Plaintiff's money;

1    -That Defendant Williams had insider information regarding the LUXI stock he sold to
2    Plaintiff; and

3    - That Defendant Williams had insider information regarding the CDIV stock he sold to
4    Plaintiff, among other matters.
5
6        30.    The representations and failures to disclose information and the suppressions of
7    information herein alleged were done by Defendant Williams with the intent to induce Plaintiff to
8    purchase the stock as set forth herein and to provide $600,000.00 (Six Hundred Thousand Dollars and
9    no cents) to Defendant Williams.
10
         31.    At the time these failures to disclose and suppressions of facts occurred, and at the time
11
     Plaintiff took the actions as herein alleged, Plaintiff was ignorant of the existence of the facts which
12
13   Defendant Williams suppressed and failed to disclose. If Plaintiff had been aware of the existence of
14   the facts not disclosed by Defendant Williams, Plaintiff would not have agreed to purchase the stock
15   as set forth herein nor would Plaintiff have paid $600,000.00 (Six Hundred Thousand Dollars and no
16   cents) to Defendant Williams.
17
         32.    Plaintiff's reliance on Defendant Williams representations and suppressions of facts was
18
19   justified in that Plaintiff had no reason to suspect that Defendant Williams would not make truthful
20   representations and/or would fail to disclose the true facts.

21       33.    As a proximate result of Defendant Williams' and DOES 1 through 50 fraud and deceit
22   and the facts herein alleged, Plaintiff has been damaged in the sum of at least $550,000.00, according
23   to proof at the time of trial.
24
25       34.    The aforementioned conduct of Defendant Williams and DOES 1 through 50, was an
26   intentional misrepresentation, deceit, or concealment of material facts known to Defendant Williams
27   with the intention on the part of Defendant Williams of thereby depriving Plaintiff of property or legal
28   rights or otherwise causing injury and was despicable conduct that subjected Plaintiff to a cruel and

1  unjust hardship in conscious disregard of Plaintiff's rights so as to justify an award of exemplary and

2  punitive damages.

3  WHEREFORE, Plaintiff prays judgment as set forth herein below.

4

5

6  **THIRD CAUSE OF ACTION**
   **BREACH OF FIDUCIARY DUTY**

7  (Against Defendant JERRY S. WILLIAMS, individually and as Managing Member of First in

8  Awareness, LLC., a Connecticut Limited Liability Corporation and DOES 1-50, inclusive)

9  35. Plaintiff hereby re-alleges and incorporates herein by reference each of the foregoing

10 paragraphs as though set forth in full herein.

11

12 36. Defendant Williams and DOES 1 through 50, inclusive, was the managing member of

13 Defendant LLC, and promoted the sale of the LUXI and CDIV stock to Plaintiff in California and was

14 acting in the position of a broker of securities with regard to Plaintiff. Defendant Williiams was in a

15 position of trust and confidence with respect to Plaintiff. In light of the foregoing, Defendant

16 Williams and DOES 1 through 50, inclusive, each owed Plaintiff a fiduciary duty of diligent and

17
   faithful service including, but not limited to, the duty of utmost good faith and fair dealing, to make
18

19 the fullest disclosure of all material facts concerning the transaction that might affect the Plaintiff's

20 decision to enter into the stock purchase transactions set forth herein, among other matters.

21 37. Defendant Williams and DOES 1 through 50, inclusive breached their fiduciary duties

22 by engaging in the conduct as set forth herein above.

23

24 38. As a proximate result of Defendant Williams and DOES 1 through 50, inclusive, breach

25 of their fiduciary duties and the facts herein alleged, Plaintiff has been damaged in a sum according to

26 proof at the time of trial.

27 39. The conduct of Defendant Williams and DOES 1 through 50, inclusive was an

28 intentional misrepresentation, deceit or concealment of material facts known to the Defendants with

PLAINTIFF'S COMPLAINT                                                    Page 11

1    the intention on the part of the Defendants of thereby depriving Plaintiff of property or legal rights or

2    otherwise causing injury and was despicable conduct that subjected Plaintiff to a cruel and unjust

3    hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and

4    punitive damages.

5

6         WHEREFORE, Plaintiff prays judgment against Defendants, and each of them as set forth

7    below.

8                           **FOURTH CAUSE OF ACTION**
                                    **CONSPIRACY**
9

10   (Against Defendants JERRY S. WILLIAMS, individually and as Managing Member of First in
     Awareness, LLC., a Connecticut Limited Liability Corporation, MELANIE WOOD-HARVEY and
11   DOES 1-50, inclusive)

12       40.    Plaintiff hereby re-alleges and incorporates herein by reference each of the foregoing

13   paragraphs as though set forth in full herein.

14

15       41.    Plaintiff is informed and believes and thereon alleges that Defendant Williams,

16   Defendant Wood-Harvey and DOES 1 through 50 and each of them, agreed among themselves to

17   utilize the aforementioned stock purchase agreements in order to obtain monies from Plaintiff without

18   the intent to fulfill their obligations under the agreements as alleged herein above.

19
         42.    In particular, Defendant Williams, Defendant Wood-Harvey and DOES 1 through 50,
20
     and each of them failed to adhere to the terms of the agreements by, including but not limited to, the
21
22   following: failing to provide the stock certificate for the shares of LUXI that Plaintiff purchased;

23   failing to refund the monies paid by Plaintiff for the shares of LUXI that Plaintiff never received;

24   failing to timely provide the stock certificate for the shares of CDIV stock that Plaintiff purchased;

25   failing to provide a stock certificate for the shares of CDIV stock that would be accepted by Plaintiff's

26   broker; failing to assist Plaintiff in obtaining a stock certificate that could be accepted by Plaintiff's
27
28   broker for the shares of CDIV stock that Plaintiff purchased; among other matters.   Instead, on

PLAINTIFF'S COMPLAINT                                                              Page 12

1  information and belief, Defendant Williams, Defendant Wood-Harvey and DOES 1 through 50
2  inclusive and each of them agreed that Plaintiff's monies would be retained for themselves. In
3  addition, Defendant Williams, Defendant Wood-Harvey and DOES 1 through 50 inclusive and each of
4  them verbally and in written correspondence, falsely and fraudulently represented to Plaintiff that
5
6  efforts were being made to protect Plaintiff; and at a minimum, Defendants guaranteed and assured
7  Plaintiff that the Plaintiff would receive the promised stock certificates.

8      43.     Defendant Williams, Defendant Wood-Harvey and DOES 1 through 50, inclusive and
9  each of them, did the acts and things herein alleged herein above to benefit themselves personally and
10 pursuant to and in furtherance of, the conspiracy and the above-alleged agreement.
11
12     44.     Defendant Wood-Harvey and DOES 1 through 50, inclusive and each of them,
13 furthered the conspiracy by cooperation with or lent aid and encouragement to or ratified and adopted
14 the acts of Defendant Williams.

15     45.     As a proximate result of the wrongful acts herein alleged Plaintiff has been damaged in
16 the sum of at least $550,000.00 (Five Hundred Fifty Thousand Dollars and no cents) plus interest at
17 the legal rate to date, in a sum according to proof at the time of trial.
18
19     46.     The conduct of Defendant Williams, Defendant Wood-Harvey and DOES 1 through 50,
20 inclusive was an intentional misrepresentation, deceit or concealment of material facts known to the
21 Defendants with the intention on the part of the Defendants of thereby depriving Plaintiff of property
22 or legal rights or otherwise causing injury and was despicable conduct that subjected Plaintiff to a
23 cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of
24 exemplary and punitive damages.
25

26     WHEREFORE, Plaintiff seeks judgment against Defendants, and each of them, as follows:

27     1.     For compensatory damages in the sum of at least $550,000.00 (Five Hundred Fifty
28     Thousand Dollars and no cents) plus interest at the legal rate to date, according to proof;

PLAINTIFF'S COMPLAINT                                                    Page 13

2. For exemplary and punitive damages;

3. For costs of suit incurred herein; and

4. For such other and further relief as the court may deem proper.

Dated: February 23, 2011                 LAW OFFICES OF TERENCE DANIEL DOYLE

                       By:      V. L. Ekelund

                               VIRGINIA L. EKELUND, ESQ.
                               Attorneys for Plaintiff, STEVEN ROTH