TERENCE D. DOYLE   SBN 113108
VIRGINIA L. EKELUND SBN 138376
LAW OFFICES OF TERENCE DANIEL DOYLE
571 Hartz Ave.
Danville, CA 94526
Telephone:  (925) 314-2333
Facsimile:  (925) 855-4334

Attorneys for Plaintiff,
STEVEN ROTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ROTH<br><br>              Plaintiff,<br><br>v.<br><br>FIRST IN AWARENESS, LLC, a Connecticut  Limited Liability Corporation; JERRY  S. WILLIAMS, individually and as Managing Member of First in Awareness, LLC., a Connecticut Limited Liability Corporation;  MELANIE WOOD-HARVEY and DOES 1-50, Inclusive<br><br>              Defendants. | Case No.   C 11-1452 (EDL)<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |

   The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**DESCRIPTION OF THE CASE**

**1.**     **A brief description of the events underlying the action:**

This case involves two "penny" stock transactions that occurred in the Spring of 2010. Defendant Williams orally agreed to sell and Plaintiff Roth orally agreed to buy, in two separate transactions that occurred on separate dates, 1,000,000 shares of CDIV stock at .30 cents per share and 1,000,000 shares of LUXI stock at .30 cents per share.   Roth has paid the $600,000.00.  The parties dispute the purpose and terms of these transactions.

**2.**      **The principal factual issues that the parties dispute:**

   A.   The purpose and terms of the transactions.

   B.  Who was the offeror and who was the offeree.

   C.  The time for performance .

   D.  Whether or not Plaintiff agreed to participate in a "float lock down" investment strategy.

   E.  The amount of Plaintiff's alleged damages.

   F.  The cause of Plaintiff's alleged damages.

**3.**      **The principal legal issues that the parties dispute:**

   A.   Whether a valid waiver has been provided to Defendants by Plaintiff or his agent that would pertain to the subject transactions.

   B.  Whether Defendants Harvey (erroneously sued as "Wood-Harvey") and First in Awareness, LLC are proper defendants in this action.

   C.  Whether a "float lock down" is illegal and/or contrary to Securities and Exchange laws.

   D.  Whether Plaintiff assumed any risks involved in the transactions.

   E.  Whether Plaintiff caused any loss he sustained on the transactions.

   F.  Whether Defendants have waived any objection to *in personam* jurisdiction in California by Defendants' appearance in this action.

    G. Who bore legal responsibility for delivery of the shares at issue.

    H. Whether the certificate that was provided to Plaintiff was in the agreed form.

**4. The other factual issues** *[e.g., service of process, personal jurisdiction, subject matter jurisdiction or venue]* **that remain unresolved for the reasons stated below and how the parties propose to resolve those issues:**

Whether or not Defendants have minimum contacts with the forum for purposes of *in personam* jurisdiction. Defendants propose to make a timely motion to dismiss unless they are prepared to waive jurisdiction; Plaintiff contends *in personam* jurisdiction arguments have been waived.

**5. The parties that have not been served and the reasons:** None.

**6. The additional parties that the below-specified parties intend to join and the intended time frame for such joinder:**

Defendants contemplate a possible counter-claim that could include new parties as claimants. Defendants expect to resolve this issue within 120 days, depending on the facts that unfold in their further investigation and initial discovery.

### CONSENT TO MAGISTRATE JUDGE FOR TRIAL

**7.** The parties previously consented to assignment of this case to a United States Magistrate Judge for trial.

### ALTERNATIVE DISPUTE RESOLUTION

**8.** The parties already have been ordered to mediation upon their agreement, to be completed within 90 days.

### DISCLOSURES

**9.** The parties have made their initial disclosures, including a list of currently identified witnesses, and have produced documents.

### DISCOVERY & MOTIONS

**10.** The parties were unable agree to a discovery plan. The Court orders as follows:

## TRIAL SCHEDULE

**11.**    The parties request a trial date as follows:  April ___, 2012

**12.**    The parties expect that the trial will last for 5-7 court days

## SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL RE DISPUTE RESOLUTION PROCEDURES

PREVIOUSLY SUBMITTED---MEDIATION ORDERED

Respectfully submitted,

**Gallo & Associates**

DATED: June 28, 2011


By:  /s/ Ray E. Gallo
        Ray E. Gallo
        Attorneys for Defendants First in Awareness,
        LLC, Williams, and Harvey


DATED: June 28, 2011            **Law Offices of Terence Daniel Doyle**


By:  /s/ Virginia L. Ekelund
        Virginia L. Ekelund
        Attorneys for Plaintiff Roth


## CASE MANAGEMENT ORDER

The above recited Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

**In addition the Court orders:** *[The Court may wish to make additional orders, such as:*
*    a. Referral of the parties to court or private ADR process;*
*    b. Schedule a further Case Management Conference;*
*    c. Schedule the time and content of supplemental disclosures;*
*    d. Specially set motions;*
*    e. Impose limitations on disclosure or discovery;*
*    f. Set time for disclosure of identity, background and opinions of experts;*
*    g. Set deadlines for completing fact and expert discovery;*
*    h. Set time for parties to meet and confer regarding pretrial submissions;*

*I. Set deadline for hearing motions directed to the merits of the case;*
*j. Set deadline for submission of pretrial material;*
*k. Set date and time for pretrial conference;*
*l. Set a date and time for trial.]*

**Plaintiff is ordered to serve a copy of this order on any party subsequently joined in this action.**

Dated: _____
ELIZABETH D. LAPORTE United States Magistrate Judge