IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEVEN ROTH,

   Plaintiff,

v.

FIRST IN AWARENESS,

   Defendant.
            /

No. C -11-01452-EDL

**ORDER GRANTING MOTION TO DISMISS**

## Introduction

  This case involves two "penny" stock transactions that occurred in the Spring of 2010. Plaintiff Steven Roth claims that he paid Defendants First in Awareness LLC ("FIA") and sole managing member Jerry Williams $600,000 for shares of two different penny stocks, but that he did not timely receive a proper stock certificate for one of the stocks and never received a certificate for the other stock and was damaged as a result. Plaintiff makes claims against FIA and Mr. Williams for rescission and restitution, fraud, and breach of fiduciary duty. Additionally, Plaintiff alleges that Mr. Williams' assistant, Defendant Melanie Wood Harvey, conspired with Williams to defraud him.

  Ms. Harvey has moved to dismiss the conspiracy claim against her based on lack of personal jurisdiction and failure to state a claim. Instead of opposing Ms. Harvey's persuasive arguments in favor of her dismissal, Plaintiff's response does not contest but implicitly concedes the merits of these arguments and asks for leave to amend. Plaintiff contends that he could bring a federal securities law claim against Ms. Harvey which would confer personal jurisdiction over her in this Court. Ms. Harvey counters that leave to amend would be futile, Plaintiff should be required to file

1  a proper motion and proposed amended complaint, and Ms. Harvey should recover her costs for
2  bringing the motion to dismiss. For the following reasons, Ms. Harvey's motion to dismiss is
3  GRANTED. If Plaintiff wants to amend his complaint to attempt to state a claim against Ms.
4  Harvey, he must bring a properly noticed motion. Any grant of leave to amend will be conditioned
5  on Plaintiff's payment of Ms. Harvey's costs in connection with this motion.

**Discussion**

### A.     Motion to Dismiss

Plaintiff has not opposed Ms. Harvey's motion to dismiss for lack of personal jurisdiction or failure to state a claim. The claim against Ms. Harvey fails for lack of personal jurisdiction, and Ms. Harvey's motion is GRANTED.

Personal jurisdiction is determined by the applicable state personal jurisdiction statute and constitutional principles of due process. See Data Disc, Inc. v. Systems Tech. Assocs., Inc., 557 F. 2d 1280, 1286 (9th Cir. 1977). Due process requirements allow California courts to exert personal jurisdiction only where the nonresident defendant has sufficient minimum contacts with the state so that maintenance of the suit does not offend traditional notions of fair play and substantial justice. See, e.g., International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Plaintiff bears the burden of establishing that this matter is in the proper forum. See Data Disc, 557 F.2d at 1285.

Here, Ms. Harvey has established that she is a citizen of Arizona who has visited California only once for personal reasons. Compl. ¶ 4; Harvey Decl. ¶ 2-4. The allegations against her are that she was an employee or agent of Mr. Williams and FIA in Arizona, and that she conspired with Mr. Williams in an unexplained manner to defraud Plaintiff in connection with the sale of securities. Compl. ¶ 40-46. The complaint alleges that she emailed and spoke on the phone with Plaintiff in her capacity as Mr. Williams' assistant a week after the securities sales took place. Compl. ¶ 14-17. There is nothing indicating that she "purposefully availed" herself of the privilege of conducting activities in California through her work as an assistant or that Plaintiff's claim of conspiracy against her arises out of her minimal contact with him in California, which did not occur until a week after

1 the challenged stock transactions took place. This Court has no personal jurisdiction over Ms.
2 Harvey under these circumstances, and Plaintiff does not offer any argument to the contrary.
3 Therefore, Ms. Harvey's motion is GRANTED and the Court need not reach the other bases for
4 dismissal addressed in her papers.

### B. Leave to Amend

Instead of opposing Ms. Harvey's motion to dismiss, Plaintiff's response seeks leave to amend the complaint to assert a federal securities law claim. Ms. Harvey counters that any securities claim against her would be futile so leave to amend should be denied.

Plaintiff has not filed a properly noticed motion for leave to amend or provided a copy of his proposed amended complaint as required by Local Rule 10-1. Therefore, it would be premature for the Court to determine whether leave to amend should be allowed or would be futile at this time. Plaintiff must file a properly noticed motion for leave to amend and present a proposed amended pleading within two weeks of the date of this Order if he wishes to pursue a new legal theory against Ms. Harvey.

### C. Costs and Fees

Ms. Harvey argues that any leave to amend should be conditioned on Plaintiff paying her costs and fees incurred in bringing the unopposed motion to dismiss. See Gen. Signal Corp. v. MCI Telecommunications Corp., 66 F.3d 1500, 1514 (9th Cir. 1995) ("a district court, in its discretion, may impose costs pursuant to Rule 15 as a condition of granting leave to amend in order to compensate the opposing party for additional costs incurred because the original pleading was faulty"). In this case, the original pleading against Ms. Harvey was meritless, and Ms. Harvey pointed this out to Plaintiff but he refused to amend the complaint to state valid claim against her in order avoid the need for this motion. See Reply Decl. ¶¶ 4-7. Under the unique circumstances of this case, if Plaintiff intends to pursue amending his complaint, he will very likely be required to compensate Ms. Harvey for her reasonable fees and costs in bringing the motion to dismiss before leave to amend will be granted. Ms. Harvey shall therefore file evidence of her reasonable fees and

3

costs incurred in preparing the motion to dismiss within one week of the date of this Order. Plaintiff may challenge the reasonableness of Ms. Harvey's claimed costs and fees if and when he files a motion for leave to amend. The Court will determine whether and in what amount an award of reasonable costs and fees is appropriate if it determines that leave to amend should be granted.

**IT IS SO ORDERED.**

Dated: September 13, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge

4